1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

REALD, INC.,

        Plaintiff,

     v.

MASTERIMAGE 3D, INC. AND
MASTERIMAGE 3D ASIA,
LLC,

        Defendants.

**Case No.  CV 14-2304-GW (MANx)**

**PROTECTIVE ORDER ENTERED
PURSUANT TO STIPULATION OF THE
PARTIES**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order Governing Disclosure of Confidential Information ("Stipulation") filed on July 21, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1, 3.A.(4) (deletion), 4.A.(3) (deletion), 5.A.(3) (deletion), 5.F, 11, 12, 13 (deletion), 15, 16, 17, 19, 21 (deletion), 22, and Exhibits A and B to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, Restricted Confidential – Source Code Information, Protected Information, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, Restricted Confidential – Source Code Information, Protected Information, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, Restricted Confidential – Source Code Information, Protected Information,  or other designation(s) used by parties, does not - - **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial,

then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Protective Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GEORGE WU, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1.      **Protected Information.**  Upon a determination by any party or non-party from whom discovery is sought (the "Producing Party") that any documentation or thing being produced or disclosed **during pretrial discovery**, whether formally or informally, including, but not limited to,

(a)      initial and supplemental disclosures;

(b)      answers to interrogatories;

(c)      documents;

(d)      transcripts of depositions;

(e)      responses to requests for admissions; and

(f)      any other discovery or disclosure made **during pretrial discovery** in this litigation,

contains a trade secret or other proprietary or confidential business, technical, sales, marketing, financial, or other commercial information that the Producing Party would not disclose to third parties or that it would cause third parties to maintain in confidence, the Producing Party may designate such document or thing protected (collectively, "Protected Information").  Protected Information further includes, but is not limited to:  technical information such as product design and operation and manufacturing techniques or processing information, trade secrets, formulas, research and development information, source code, object code, customer lists, sales and cost information, and pricing information, patent license agreements, or information that was generated in connection with, or reveals the content of, patent licensing negotiations;  information that a party has treated as confidential and is not subject to public disclosure;  information within the definition of trade secret as set forth in

---

[1]      The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

Section 1(4) of the Uniform Trade Secret Act (1985); and any other information that would qualify as confidential pursuant to Federal Rule of Civil Procedure 26(c) or any other **applicable** legal standard.

Non-parties may invoke the protection of this Protective Order for documents and deposition testimony and exhibits provided **during pretrial discovery** in this litigation, including, but not limited to, documents and deposition testimony and exhibits provided in response to subpoenas served on those third parties. All Protected Information of non-parties contained in such documents, depositions, and exhibits shall be protected hereunder in the same manner as the Protected Information of the parties to this lawsuit.

**2.     Designation.**   The Producing Party shall identify such Protected Information by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION" (collectively, "DESIGNATION" OR "DESIGNATED") on all or any part of the document or thing. Any summary, compilation, copy, or reproduction (i.e., quotation, paraphrase, or any other manner tending to reveal the Protected Information), in whole or in part, of any document or thing containing a "DESIGNATION" shall be treated as provided by this Protective Order. The DESIGNATION shall, when practicable, be made prior to, or contemporaneously with, production or disclosure, except in the case of depositions, which shall be designated as set forth in Paragraph 13. An inadvertent failure to designate Protected Information shall be dealt with in accordance with the terms of Paragraph 18.

**3.     Confidential.**   The "CONFIDENTIAL" designation is reserved for material produced to or disclosed to a receiving party that a Producing Party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a Court order, considers in good faith such

4

documents and things to contain confidential and/or proprietary information not otherwise known or available to the public.

A.    Documents designated "CONFIDENTIAL" and information contained therein shall be available only to:

(1)    Attorneys with the law firms of record and supporting personnel employed in or by the law firm(s) of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, commercial copy vendors, and shorthand reporters;

(2)    Outside Experts and/or Consultants retained by a party for purposes of assisting with the claims or defenses asserted in this matter ("Expert"), and their necessary support personnel, subject to the provisions of Paragraphs 10-11 herein, who have signed the form attached hereto as Exhibit A;

(3)    Any in-house counsel or employee of a party who either has responsibility for making decisions dealing directly with this action or who is assisting outside counsel in preparation for proceedings in this action;

(4)    The Court, its personnel, and stenographic reporters;

(5)    Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

(6)    Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action; non-technical jury or trial consulting services, including mock jurors, who have signed the form attached hereto as Exhibit A;

(7)    Any person to whom the Producing Party agrees to provide a copy;  and

(8)    With respect to a particular document, an individual who is identified on the face of the document as an author, source, or recipient of the document.

**4.    Highly Confidential – Attorneys' Eyes Only.**   The "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is reserved for Protected Information that constitutes or contains trade secrets or other non-public, highly sensitive confidential research, development, technical, business, and/or financial information that has not become public, and the disclosure of which is likely to cause harm to the competitive position of the Producing Party;   Protected Information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA");  and settlement agreements, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.   In determining whether information should be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," each party agrees to use such designation only in good faith.

A.    Documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and information contained therein shall be available only to:

(1)    Attorneys with the law firms of record and supporting personnel employed in the law firm(s) of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, commercial copy vendors, and shorthand reporters;

(2)    Experts, and their necessary support personnel, subject to the provisions of Paragraphs 10-11 herein, who have signed the form attached hereto as Exhibit A;

(3)    The Court, its personnel, and stenographic reporters;

(4)    Independent legal translators retained to translate in connection with this action;  independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

(5)    Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other

court proceedings in the action; and non-technical jury or trial consulting services, including mock jurors, who have signed the form attached hereto as Exhibit A;

>        (6)     Any person to whom the Producing Party agrees to provide a copy;  and

>        (7)     With respect to a particular document, an individual who is identified on the face of the document as an author, source, or recipient of the document.

**5.     Restricted Confidential – Source Code Information.**  Each party shall have the right to designate any source code (including comments contained therein), object code, RTL, HDL or other hardware description language, live data (that is, data as it exists residing in a database or databases), or pseudo-source-code (i.e., a notation resembling a programming language but not intended for actual compilation, which usually combines some of the structure of a programming language with an informal natural-language description of the computations to be carried out) ("Code"), and copies thereof as "RESTRICTED CONFIDENTIAL – SOURCE CODE."  Nothing in this Protective Order shall require the Producing Party to provide executable code, and no electronic copies of Code may be made, except by the Producing Party and as set forth in Paragraphs 5.D – 5.F herein.  Under no circumstances shall the Code be compiled into executable code by the Requesting Party.   For purposes of this paragraph, the "Requesting Party" includes Experts retained by the Requesting Party to review Code in compliance with Paragraphs 10-11 herein and outside counsel of record for the parties to this litigation.

>    A.     Documents     and     Code     designated     as     "RESTRICTED CONFIDENTIAL – SOURCE CODE," and the information contained therein, shall only be available to:

>        (1)     Attorneys with the law firms of record and employees of such law firms of record for a party or parties to whom such Code and/or

"RESTRICTED CONFIDENTIAL – SOURCE CODE" material was produced and whose duties and responsibilities require access to such materials;

(2)     Experts and their necessary support personnel, subject to the provisions of Paragraphs 10-11 herein, who have signed the form attached hereto as Exhibit A;

(3)     The Court, its personnel, and stenographic reporters;

(4)     Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

(5)     Any person to whom the Producing Party agrees to provide a copy;

(6)     With respect to a particular document, an individual who is identified on the face of the document as an author, source, or recipient of the document.

B.     Code designated under this section shall be made available for inspection to the Requesting Party at a mutually agreeable time and place during regular business hours.

C.     When a party is making its Code available via inspection, a list of persons who intend to inspect the source code will be provided to the Producing Party at least three (3) business days in advance of any scheduled inspection.  The party providing the inspection shall provide a stand-alone computer (that is not connected to a network, internet, or peripheral device) for reviewing and analyzing the Code.  The stand-alone computer may be equipped to store print requests in a print folder.

D.     For all parties (Plaintiff and Defendants), at the request of the Requesting Party, the party providing the inspection shall provide the Requesting Party paper copies of reasonable portions of the Code identified by the Requesting Party.  The party providing the inspection will provide such paper copies to the Requesting Party within five (5) business days of the reviewing party's request, unless otherwise agreed.  The party providing the inspection shall mark such copies clearly

and prominently as "RESTRICTED CONFIDENTIAL – SOURCE CODE" and affix individual production numbers.

E.     Paper copies of Code must be kept under lock and key or otherwise secured at the offices of outside counsel of record, or at the office of an Outside Expert cleared under the terms of this Protective Order.  Paper copies of Code may not be converted into electronic format (including for emailing) except as needed for filing or service of papers (including expert reports and discovery responses), motions, exhibits and pleadings, made under seal, or trial or hearing presentation.  Any deposition transcript may be electronically stored in outside counsel's deposition database.  Paper copies of Code may not themselves be copied, except to provide a copy to a person who has been cleared as an Outside Expert under the terms of this Protective Order for the receiving party and except for use as exhibits for a deposition, expert report, motion, filing, hearing or trial.

F.     Portions of deposition transcripts that contain reference to Code or exhibits with Code will be considered "RESTRICTED CONFIDENTIAL – SOURCE CODE."  All such portions of deposition transcripts that contain reference to Code or exhibits with Code are to be kept under lock and key or otherwise secured at the offices of outside counsel of record, or at the office of an Outside Expert cleared under the terms of this Protective Order.  Paper copies of source code may not be removed from a secured container unless in a secured area under the control of outside counsel of record or an Outside Expert cleared under the terms of this Protective Order.  Only those individuals authorized and identified in Paragraph 5 shall be allowed to access printed Code.  Any printed Code filed with the Court shall be submitted under seal **with the requisite application**, as provided herein.

G.     Any party producing source code or object code ("Code") may, at its option and expense, produce the Code to a third-party escrow agent who will safeguard the Code while allowing access to and use of the Code by the Receiving Party in accordance with subsection (F) of this paragraph.  In addition to the

requirements set forth elsewhere in this Order, any person authorized under the terms of this Order to receive Code that has been produced in this lawsuit must handle such Restricted Code in accordance with the following:

(1)    Access to Code is strictly limited to those authorized to view material or information that has been designated "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION."

(2)    Absent a showing of need by the Requesting Party, a Producing Party shall not be required to produce Code more than one time.

H.    The reviewing party may take written notes of portions of the Code and other such notes as may be reasonably necessary to facilitate inspection of the Code, except that the reviewing party shall not copy the Code into the notes.  Any such notes shall be treated the same way as Code and shall be labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE."   In addition, no recordable media or recordable devices, including, without limitation, sound recorders, cellular telephones, peripheral equipment, CDs, DVDs, or drives of any kind, shall be permitted in the Code review room where the stand-alone computer is made available for viewing.

**6.    Filing Under Seal.**  In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain Protected Information, the proposed filing shall be accompanied by an application to file the Protected Information or portion thereof (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motions and supporting papers.

**7.    Undertaking.**  Prior to any disclosure, each testifying and consulting Expert to whom such disclosure is to be made shall execute the Confidentiality Agreement annexed hereto as Exhibit A ("Confidentiality A Agreement") and each vendor, interpreter, or translator shall execute the Confidentiality Agreement annexed hereto as Exhibit B ("Confidentiality B Agreement").   The Confidentiality Agreements shall be maintained by Outside Counsel for the Receiving Party with

whom such persons are affiliated or by whom they are retained, and such counsel shall provide a copy of each executed Confidentiality A or B Agreement to all counsel of record.

**8.     Outside Counsel's Communication with Client.**   Nothing in this Protective Order shall preclude or impede Outside Counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Confidential Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal such Protected Information.

**9.     Disclosure to Author or Recipient.**   Notwithstanding any other provisions, nothing in this Protective Order shall prohibit Outside Counsel for a party from disclosing a document or thing designated as Protected Information to any person whom the document or thing clearly identifies as an author, addressee, source, or carbon copy recipient of such document or thing.  Regardless of its designation, if a document or thing makes reference to the actual or alleged conduct or statements of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not directly or indirectly disclose or reveal any other Protected Information.

**10.     Disclosure to Experts.**  Subject to Paragraph 11, Outside Counsel for the Receiving Party may disclose Protected Information to Experts who are assisting in the preparation for and/or trial of this action.   Prior to disclosing any Protected Information to any Expert, Outside Counsel for the Receiving Party shall determine that disclosure to an Expert of particular Confidential Information is, in that counsel's good faith judgment, reasonably necessary to the Receiving Party's prosecution or defense of this action.

**11.     Opportunity to Object to Proposed Expert.**  At least eight (8) business days prior to disclosure of any of the Producing Party's Protected Information to an Expert, the Receiving Party shall provide the Producing Party written notice stating the name and address of the Expert; a copy of the Expert's Confidentiality A

Agreement; a copy of the Expert's current resume showing his/her education and employment for the last five (5) years; a list of the Expert's patents and publications for the last ten (10) years (Expert's Background Information); and any litigation (by name and number of the case, filing date, and location of the court) in connection with which the Expert has offered Expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years.

If, within the eight (8) business day period, the Producing Party makes a good faith objection to the proposed disclosure to the Expert, the parties shall proceed to resolve the matter informally.  Within five (5) days of making an objection, the parties shall agree on how to proceed, or the objecting party may file a Motion with this Court identifying the ground for the objection and the Expert's background information.

Disclosure shall not be made until and unless this Court orders disclosure to that Expert or overrules the objection of the Producing Party.  **It is the Producing Party's burden to establish good cause why the proposed disclosure should not be permitted.**

If the objecting party does not file a Motion within five (5) days of making an objection to the disclosure, the objection shall be deemed waived, and the Receiving Party shall be allowed to disclose the Protected Information to the Expert.

**12.    Opportunity to Object to Proposed Interpreter or Translator.**  At least eight (8) business days prior to disclosure of any of the Producing Party's Protected Information to an interpreter or translator, the Receiving Party shall provide the Producing Party written notice stating the name and address of the interpreter or translator;  a copy of the interpreter's or translator's Confidentiality B Agreement; and a copy of the interpreter's or translator's current resume showing his/her education and certifications, employment and professional activities.  If, within the eight (8) business day period, the Producing Party makes a good faith objection to the proposed disclosure to the interpreter or translator, disclosure shall not be made until

and unless this Court orders disclosure to that interpreter or translator. **It is the Producing Party's burden to establish good cause why the proposed disclosure should not be permitted.**

**13.   Use of Protected Information at Depositions.**   Except as otherwise approved by the Producing Party or by court order, a Receiving Party may show Protected Information to a witness when the witness is (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of his or her employment with the Producing Party, (b) an individual identified in the Protected Information as an author, addressee, source, or copy recipient of such information, (c) an individual who, although not identified as an author, addressee, source, or copy recipient of the Protected Information, has seen the Protected Information in the ordinary course of business, (d) an individual who is employed by the Producing Party and has knowledge about the subject matter contained in the Protected Information sought to be shown to the witness, (e) designated as a 30(b)(6) corporate representative by the party producing the Protected Information that is to be shown to the witness, or (f) an Expert duly qualified under Paragraphs 10-11 (who shall first have executed the Confidentiality A Agreement).   In addition to items (a) through (e) above, non-parties may be examined or testify at a deposition concerning any document containing Protected Information of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of a pre-existing contract or business relationship between the Producing Party and the non-party and/or the non-party's employer.

**14.   Distribution of Protected Information Transcripts.**   The portions of any deposition transcript that Outside Counsel for either party has DESIGNATED on the record at the deposition as "CONFIDENTIAL" and any Protected Information that is marked as a deposition exhibit shall be treated as Protected Information. Notwithstanding the foregoing, the entirety of all deposition transcripts shall be

deemed Protected Information for thirty days after the transcript is delivered to the party's Outside Counsel.  During the thirty (30) day period, Outside Counsel for the Producing Party may remove the DESIGNATION of any portion of the deposition transcript, by indicating page and line numbers (insofar as practicable).  Transcript pages and exhibits containing Protected Information shall be distributed only to individuals authorized to receive Protected Information pursuant to this Order.

**15.    Presentation of Protected Information to This Court.**  With respect to testimony elicited during hearings and other in court proceedings, whenever Outside Counsel for any party deems that any question or line of questioning calls for the disclosure of Protected Information, Outside Counsel may **request that the Court take appropriate measures to limit access to and to preserve the confidential status of Confidential, Highly Confidential – Attorneys' Eyes Only, or Restricted Confidential – Source Code Information which it is anticipated will be discussed in the testimony or in connection with the testimony about to be given.  The parties shall discuss the nature and extent of such disclosures anticipated at trial or in other scheduled proceedings and shall to the maximum extent possible present such issues, with appropriate briefing, to the Court in advance of trial or other scheduled proceedings.**

## GENERAL PROVISIONS

**16.    Limitation on Use and Disclosure.**   A person authorized to receive Protected Information under this Protective Order shall not use or disclose Protected Information for any purpose other than the preparation and trial of this action and any appeals therefrom.  This Protective Order does not restrict in any manner the use or disclosure by any Producing Party of any information in its own documents and things.

**17.    No Presumption of Protected Status.**  This Protective Order does not address discovery objections and does not preclude any party from moving for any relief under the Federal Rules of Civil Procedure or this Court's inherent powers.

Nothing in this Protective Order creates a presumption or implies that information designated as Protected Information actually constitutes a trade secret**, or reflects proprietary information, or is otherwise protectable information**.  If a Receiving Party believes that any information is improperly designated under this Protective Order, it may contest such designation at any time until forty-five (45) days before trial.  The designation of any information designated as Protected Information that is produced thereafter may be contested within a reasonable time.  Protected Information that is subject to such a dispute shall be treated consistently with its designation by the Producing Party until this Court orders otherwise.

Upon contesting the designation and within five (5) days of receiving notice thereof, the party seeking to preserve the designation shall come forth with specific reasons it believes in good faith provide for the basis of the contested confidentiality. If the parties cannot resolve the designation contest, the Designating Party under this Protective Order shall within ten (10) days of receiving notice file under seal, as provided in this Protective Order, a Motion with this Court identifying with specificity the information sought to be maintained confidential and the reasons therefore.

**18.   Inadvertent Disclosure of Protected Information.**  Inadvertent failure to identify documents or things as Protected Information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure.   At such time, arrangements shall be made for the Producing Party to appropriately mark the information in accordance with this Protective Order.   The Receiving Party shall have no liability, under this Protective Order or otherwise, for any disclosure of information contained in documents or things not bearing a confidentiality legend occurring before the Receiving Party was placed on notice of the Producing Party's claims of confidentiality.

**19.   Inadvertent Disclosure of Work Product or Privileged Information.** Inadvertent production of documents or things subject to the **attorney** work-product

**doctrine** or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing of such inadvertent production within ten (10) days after the earlier of (a) the Producing Party's discovery of the inadvertent production or (b) its use in pleadings, motions or deposition testimony by the Receiving Party.   The return of the inadvertently produced documents and things along with any presentation to the Court for determination of privilege shall be controlled by Federal Rule of Civil Procedure 26(b)(5)(B).   If the Receiving Party disputes that the inadvertently produced documents are protected by a privilege, or other doctrine of immunity, the parties shall confer to resolve the dispute.   If, after conferring, the parties are unable to reach a satisfactory agreement, the Producing Party may obtain the return of the inadvertently produced documents by complying with Federal Rule of Civil Procedure 26(b)(5)(B). However, the Producing Party's compliance with Federal Rule of Civil Procedure 26(b)(5)(B) shall not prevent the Receiving Party from challenging any claim of attorney-client privilege, work-product immunity, or other applicable privilege, doctrine, or immunity from disclosure.

    **20.   Subpoena of Protected Information.**   If any entity subpoenas, orders production, or requests discovery of Protected Information that a Receiving Party has obtained subject to this Protective Order, the Receiving Party shall promptly notify the Producing Party of the subpoena, order, or discovery request and, **absent a contrary court order,** shall not produce the information until the Producing Party has had at least ten (10) days to object or take other appropriate steps to protect the information. During such time, the Receiving Party shall take all reasonable steps to object to disclosure to protect the Protected Information.   This duty of notification shall continue after a Producing Party is no longer a party to this action and after this action is fully concluded.   **Nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court**.

**21.    Continuing Jurisdiction.**   After the conclusion of the above-captioned action, the provisions of this Protective Order shall continue to be binding and enforceable until further order of this Court.

**22.    Modification.**   The Court may modify this Protective Order upon a showing of good cause **by the parties or any other person or sua sponte.**

**23.    Duty to Return Documents and Things.**   Within sixty (60) days after the entry of a final non-appealable judgment or order concluding the above-captioned action or the complete settlement of all claims asserted against all parties in this action, each party shall, at its option, either return to the Producing Party or destroy all physical objects and documents that were received from the Producing Party that embody DESIGNATED information and shall destroy in whatever form stored or reproduced all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work-product materials that contain DESIGNATED information.   Outside Counsel for any party or non-party receiving Confidential Information shall provide written certification of compliance with this provision to counsel for the Producing Party within ninety (90) days after the entry of a final non-appealable judgment or order concluding this action or the complete settlement of all claims asserted against all parties in the above-captioned action. Notwithstanding the foregoing, Outside Counsel of record shall be entitled at the termination of this case, including all appeals, to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at trial, and any work-product containing Protected Information, provided however that any Protected Information contained in any such documents retained by Outside Counsel of record shall remain subject to the protections of this Order.

**24.    Limitations of Order.**   The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a)     was, is, or becomes public in a manner other than by violation of this Protective Order;

(b)     is acquired by the non-designating party from a third party having the right to disclose such information or material;

(c)     was already lawfully possessed by the non-designating party before the disclosure by the Producing Party;  or

(d)     was independently developed by the non-designating party by personnel who did not receive or have access to the Producing Party's Protected Information.

**25.     Prosecution Bar.**  Absent written consent from the Producing Party, any individual employed by or contracted by the Receiving Party, employed by or contracted by Outside Counsel for the Receiving Party, or employed by or contracted by any foreign counterpart of the Receiving Party or Outside Counsel for the Receiving Party who receives, accesses, or reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION" information shall not be involved, directly or indirectly (e.g., by advising), in the prosecution of patents or patent applications relating to technology that is the subject of the Protected Information, including, without limitation, the technical subject matter of patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office (the "Patent Office").  "Prosecution" as used in this paragraph includes proceedings before such domestic or foreign agency on a patent application, divisional, continuation, continuation-in-part, re-issue, reexamination, or other related administrative proceedings.  Notwithstanding this Prosecution Bar, the Outside Counsel for Receiving Party is not precluded from initiating. participating in, or facilitating any reexamination, inter partes review, or other post-grant or pre-grant review proceedings related to the Producing Party's pending patent applications or issued patents, both foreign and domestic.  Outside Counsel for the Receiving Party

shall not: (i) reveal any of Producing Party's Protected Information to any prosecuting counsel or agent; or (ii) use any of Producing Party's Protected Information for any purpose other than this litigation. This Prosecution Bar shall begin when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION" information is first received, accessed, or reviewed by the affected individual and shall end at the earlier of: a) two (2) years after the settlement and dismissal of the Producing Party from this action or the final non-appealable termination of this action; b) the publication of the designated documents; or c) the removal of any confidentiality designation from the documents. No other provision of this Protective Order shall be construed as invoking a prosecution bar or prohibiting any acts taken to discharge the duty of candor and good faith.

Notwithstanding anything in these paragraphs to the contrary, Outside Counsel for a party shall not be precluded or prohibited from consulting with the party or its prosecution counsel regarding, or in connection with, the validity of issued claims and any prior art cited against them, so long as such consultation is not premised upon, and otherwise does not reveal, any Protected Information made the subject of the Prosecution Bar herein.  If prior art is labeled "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION," such individuals may only provide copies of such prior art to counsel involved in prosecution for submission to the U.S. Patent Office under seal and in accordance with the U.S. Patent Office rules and regulations for such documents, but only in the event that (a) the Producing Party agrees to this submission or (b) if agreement cannot be reached, upon order of the Court.

Further notwithstanding the paragraphs above, receipt, access, or review of the following documents and materials shall not trigger the Prosecution Bar set forth above:  (i) publicly available publications, including patents and published patent

applications;  (ii) materials regarding third-party systems or products that were publicly known, on sale, or in public use;  (iii) information that is otherwise publicly available;  and (iv) documents and information related solely to damages or reasonable royalty rates.

The parties expressly agree that the Prosecution Bar set forth in the paragraphs above shall be personal to any individual employed by or contracted by the Receiving Party, employed by or contracted by Outside Counsel for the Receiving Party, or employed by or contracted by any foreign counterpart of the Receiving Party or Outside Counsel for the Receiving Party who receives, accesses, or reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION," and shall not be imputed to any other individual employed or contracted by the Receiving Party, any other attorney or individual employed or contracted by Outside Counsel for the Receiving Party, or any other individual employed by or contracted by any foreign counterpart of the Receiving Party or Outside Counsel, unless information concerning that Protected Information was communicated to such individual by one who reviewed such Protected Information.

Notwithstanding anything to the contrary above, if a reexamination or other administrative review at the U.S. Patent Office is instituted by any entity other than plaintiff (and is not instituted at plaintiff's direction) regarding the patents-in-suit, Outside Counsel for plaintiff may advise other counsel retained in connection with such reexamination or other administrative review, despite the fact that outside counsel for RealD has received "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION" materials, but only in the event that the following conditions are also met:

(a) Plaintiff will retain separate counsel to prosecute such reexamination or other administrative review;

(b) Outside Counsel for plaintiff defined in paragraph 4(a) herein shall not prosecute such reexamination or other administrative proceeding;

(c) Outside Counsel for plaintiff defined in paragraph 4(a) herein shall not reveal any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION" materials of a Producing Party, of a defendant, or of an indemnitor of a defendant in this action to any reexamination counsel or agent;  and

(d) Outside Counsel for plaintiff defined in paragraph 4(a) herein shall not use any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION" materials of a Producing Party, of a defendant, or of an indemnitor of a defendant in this action for a purpose other than this litigation.


IT IS SO ORDERED.


Dated: September 16, 2014

Margaret A. Nagle

Margaret A. Nagle

United States Magistrate Judge

## **EXHIBIT A**

I, _____, state the following:

    1.    I have been retained by _____ [party] to serve as an _____ [describe proposed area of expertise] in the above-captioned action.

    2.    My address is _____ _____.

    3.    My present employer is and the address of my present employment is _____.

    4.    My present occupation or job description is _____ _____.

    5.    I have received a copy of the Protective Order in this lawsuit, and I have carefully read and understood the provisions of this Protective Order.

    6.    I will comply with all of the provisions of the Protective Order.

    7.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this lawsuit, any Protected Information that is disclosed to me.

    8.    I will advise any necessary assistant of mine, to the extent permitted under the Protective Order, the nature of any Protected Information that I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

    9.    I will return all Protected Information that comes into my possession, and all notes, documents, or things that I prepare relating thereto, to counsel from whom I received the information.

    10.    If I am given access to source code and/or object code, I agree to abide by all terms of the Protective Order concerning such code, including, but not limited to:

        (a)    Viewing Source Code only on a stand-alone computer (that is not

connected to a network, internet, or peripheral device) for reviewing and analyzing the Code. The stand-alone computer may be equipped to store print requests in a print folder;

(b)    I will keep any written reference to the password for such source and/or object code separate from the source and/or object code on removable media, and I agree to destroy any and all such references to the password once my review is complete.

(c)    To not make any copies of source code unless permitted to do so by the Protective Order; and

(d)    To secure all printed copies of the Source Code as called for in the Protective Order.

11.    I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

12.    I declare that all statements made herein are true and accurate and understand that any **violation of the Protective Order may be punishable by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.**

Signature:    _____

Printed Name:    _____

Address:    _____

Subscribed and sworn to me this _____ day of _____, 2014. Witness my hand and official seal.

Notary Public

23

## **EXHIBIT B**

I, _____, state the following:

     1.    My address is _____

_____.

     2.    My present employer is and the address of my present employment is_

_____.

     3.    My present occupation or job description is _____

_____.

     4.    I have received a copy of the Protective Order in this lawsuit, and I have carefully read and understand the provisions of this Protective Order.

     5.    I will comply with all of the provisions of the Protective Order.

     6.    I attest to my understanding that access to DESIGNATED information may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Protective Order.  I agree to be bound by the terms of the Protective Order, both with respect to this Court's powers of supervision of the litigation and contractually to any Producing Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality B Agreement.

     7.    I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

     8.    I declare that all statements made herein are true and accurate and understand that any **violation of the Protective Order may be punishable by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.**

Signature: _____

Printed Name: _____

Address: _____

Subscribed and sworn to me this _____ day of _____, 2014.

Witness my hand and official seal.


Notary Public